(39 Misc. Rep. 377.)

### In re LARNER.

(Supreme Court, Special Term, New York County. December, 1902.)

1. INCOMPETENT—ALLOWANCE TO COMMITTEE.
    On an application by a woman, who had been adjudged an incompetent, for the discharge of her committee, and for restoration to personal liberty on the ground of recovery of her mental health, where the court ordered the committee to show cause why she should not be released, and a decision adverse to her is reached in such proceedings, and also in proceedings by habeas corpus, the committee is entitled to be allowed reasonable disbursements and counsel fees out of her property in both proceedings.

In the matter of Alma Louise Larner, an incompetent. Motion to confirm referee's report on accounting by committee. Motion granted.

See 74 N. Y. Supp. 70; 78 N. Y. Supp. 326.

MacFarland, Taylor & Costello, for Alma Louise Larner.

Blandy, Mooney & Shipman, for Henry L. Goodwin, committee, etc.

SCOTT, J. In May, 1900, Mrs. Larner was adjudged to be an incompetent person, and one Henry L. Goodwin was appointed committee of her person, and the Farmers' Loan & Trust Company, committee of her estate. On February 11, 1902, the incompetent presented a petition to this court asserting that she had completely recovered her mental health and self-control, and asked that the law firm of

¶ 1. See Insane Persons, vol. 27, Cent. Dig. §§ 40, 41.

MacFarland, Taylor & Costello, of this city, be authorized to represent and act for her in an inquiry into her condition, to the end that the court should make such order thereon as, after investigation, might seem to be proper. Thereupon an order was made by a justice of this court authorizing the retainer of the law firm named by the incompetent, and ordering Henry L. Goodwin, committee of the person of the incompetent, to show cause why the relief asked for by the petition, affidavits, and certificate attached to the order should not be granted. This relief was, in effect, that the committee of the person should be discharged, and the incompetent be restored to her personal liberty of action. Upon the return of the order to show cause the committee of the person appeared as he had been directed to do, and undertook to show cause why the prayer of the petition should not be granted. The court thereupon framed two questions, which were sent to be tried before a jury, and were so tried, and resulted in a verdict adverse to the incompetent. The committee appeared on this trial by counsel, and produced witnesses, both lay and expert, as to the alleged recovery of the incompetent. After the rendition of the verdict by the jury, habeas corpus proceedings were instituted in another department for the purpose of obtaining the release of the incompetent from the custody of her committee, and said committee of the person appeared, and resisted the proceedings. In all these matters the committee incurred large expenses, including a considerable sum for counsel fees. In due course the committee of the person presented a petition to this court for an order directing the payment, from the funds of the incompetent in the hands of the committee of her estate, of a suitable sum to be allowed for the services of counsel and for the disbursements paid or incurred by the committee. Upon this petition an order of reference was made, and the referee has now reported the reasonable value of the services of counsel retained by the committee of the person, and the reasonable amount of his expenditures. The present motion is to confirm this report, and to direct payment of the sums therein recommended out of the property of the incompetent. The motion is opposed by the attorneys who were designated by the court as those whom she might retain to conduct the proceedings for her release from tutelage and by the special guardian appointed to represent her by the order which appointed the referee. No objection is made to the reasonableness of the sums reported, but it is insisted that the committee of the person had no authority to retain counsel and incur expense in opposing the release of the incompetent. The authorities are abundant wherein it has been held that an allowance may properly be made out of the estate of an incompetent person, for the compensation of one who, in good faith, sought to secure her release from the restraint imposed by an inquisition, and this although the incompetent could not make a valid contract to pay for such services. Carter v. Beckwith, 128 N. Y. 312, 28 N. E. 582; In re Larner, 68 App. Div. 320, 74 N. Y. Supp. 70. It is objected that in these and like cases the services had been rendered in behalf of the incompetent, while in the present case the services for which compensation is sought were hostile to her. This contention rests upon the assumption that every effort to release an incompetent person from restraint is of necessity friendly,

and every effort to continue the restraint is unfriendly. This proposition will not stand examination. It may well be that the most cruel and unfriendly thing that could be done to an incompetent would be to free him from all restraint, and the most beneficent and kindly thing to continue him subject to restraint. The verdict of the jury in the present case would seem to indicate that the best interests of the incompetent required that she should be kept under proper restraint. The principle under which allowances have been made out of the estates of incompetents undoubtedly is that such persons are wards of the court, and that, in order to set the court in motion, and properly advise it with reference to the exercise of its powers, it is necessary that counsel should be retained, and proof of facts adduced. It is said, however, that the committee of an incompetent person is merely the agent of the court, without power to impose any expense on the estate of the incompetent without the consent and order of the court. As was said in Re Otis, 101 N. Y. 585, 5 N. E. 571: "He [a committee] is a mere bailiff to take charge of the property of the lunatic, and to administer it subject to the direction of the court. His possession is that of the court." I may say in passing that the court did not in that case use the following words, which in the brief presented by counsel for the incompetent are included in the quotation as if taken from the opinion: "And, of course, that direction must be obtained in advance of action. A committee cannot administer out of his own head, and ask for authority nunc pro tunc." It is argued, and I think with much force, that the committee was in fact directed to incur such reasonable expense as might be necessary to lay before the court the true facts as to the alleged recovery of the incompetent. This direction is found in the order to show cause which initiated the proceeding, and by which the committee was ordered to show cause why the incompetent should not be set at liberty. The application was, in effect, that the court should abandon its wardship over the person of the incompetent. Before complying with this petition, it was the duty of the court to ascertain the facts as to the alleged recovery. To this end the committee, the agent and representative of the court, without any application or request on his part, was ordered to show cause, if cause there was, why the applicant should not be released. To this order the committee was bound to respond, and it was his duty to take such steps as might be reasonably necessary to lay the exact facts before the court. This necessarily implied the retainer of counsel and the production of witnesses. It does not appear that the committee exceeded its duty in this regard. On the contrary, no question is made as to the reasonableness of his expenditures, and the course he pursued seems to have been vindicated by the result. It was equally, in my opinion, his duty to resist the release of the incompetent on habeas corpus. She had been intrusted to his care. His own opinion that she had not recovered had been confirmed by the verdict of a jury, and he certainly would have been subject to censure if he had stood silently by and permitted the court to act without the advantage of hearing the reason which seemed to argue against a release. Even if the order to show cause had not contained a direction to the committee to appear in opposition to the application, still this motion should be

granted. It is not questioned that the court could, in advance, have authorized the committee to retain counsel and summon witnesses. What it could thus have authorized in advance it can now approve. The result of the proceeding justified the attitude taken by the committee, the expenses he incurred are found to be reasonable, and there is no evidence whatever that he acted in bad faith, or otherwise than in what he believed to be for the best interest of his charge. The result is that the motion must be granted.

Motion granted.